UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                           CRIMINAL ACTION NO. 3:19-CR-149-JRW

MICHAEL PAUL PERKINS                                                    DEFENDANT

# ORDER AND MEMORANDUM OPINION DENYING MICHAEL PERKINS'S MOTION TO SUPPRESS

It is undisputed that a 911 caller reported that Defendant Michael Perkins shot at his girlfriend, at his home on December 3, 2018. It is undisputed that Perkins also beat his girlfriend's car with a pipe. It is undisputed that Perkins had previously shot at a woman during a domestic violence incident.[1] And it is undisputed that police ordered Perkins to exit his house, that Perkins refused for over an hour, and that he walked outside without the gun or pipe when he finally complied.

The police obtained a search warrant for Perkins's house, curtilage, and garage – the only places Perkins could have left behind the gun he had reportedly fired at his girlfriend and the pipe he used to beat her car. The search revealed a loaded (later determined to be stolen) gun, a spent shell casing, a metal pipe, meth, marijuana, instrumentalities of drug dealing, and a stolen dirt bike. Perkins now moves to suppress this evidence arguing 1) that the affidavit for the search warrant contains deliberate and reckless misrepresentations and omissions; and 2) evidence found during

---

[1] Perkins was convicted of doing exactly that in *Commonwealth v. Perkins*, Case No. 16-CR-1050.

an unjustified protective sweep was used as support in the affidavit for the search warrant. In support of his motion, Perkins seeks a *Franks* hearing.

However, a defendant is only entitled to such a hearing if he makes a substantial preliminary showing that 1) the warrant's affidavit includes a false statement made knowingly and intentionally, or with reckless disregard for the truth; and 2) without the false statement, there could be no finding of probable cause.[2] Because Perkins failed to show either – when he needed to show both – his request for a hearing and his motion to suppress are denied.

Perkins argues that the affidavit falsely says his girlfriend made a statement accusing Perkins of shooting at her and omits that his girlfriend told officers Perkins didn't shoot at her. To support his argument, Perkins's counsel claimed at oral argument that "there was nothing in the discovery at all" about that accusatory statement.[3] But he later conceded that the discovery did include her statement in the lead detective's fourteen-page investigative letter.[4] If anyone here can be accused of (unintentional) "false statements" and (unintentional) "material omissions," it's Perkins's counsel, not the police.[5]

Perkins also argues that the affidavit falsely says the (stolen) Jet-Ski was in plain view and the affidavit deliberately omits the lead pipe hitting the car. As to the Jet-Ski, Perkins's counsel once again conceded it actually was in plain view.[6] And as to the lead pipe, page 7 of the affidavit expressly states, "Mr. Perkins [took] a pipe to [his girlfriend's] Chevrolet Corvette and destroy[ed] her vehicle."[7]

---

[2] *Franks v. Delaware*, 438 U.S. 154 (1978).
[3] Transcript of Record at 11, *United States v. Dewitt*, Case No. 3:19-CR-149 (DN 25).
[4] *Id.* at 35-38.
[5] *Id.*
[6] *Id.* at 22.
[7] Affidavit for Search Warrant, 7 (DN 20-1).

Perkins has not made "a substantial preliminary showing" of a "false statement or material omission" in the search warrant's affidavit. And his argument that any such statement or omission was made "knowingly and intentionally, or with reckless disregard for the truth," borders on the frivolous.[8]

Moreover, Perkins did not – and cannot – make a preliminary showing that any alleged "false statement or material omission [was] necessary to the probable cause finding in the affidavit."[9] If the Court were to strike every contested statement from the affidavit, the following facts would remain:

- Police received a 911 call from a neighbor that says her white male neighbor was shooting at his girlfriend.[10] The shooter was last seen inside the garage. His girlfriend was last seen running away.

- Police responded to the scene and secured the outside of Perkins's house. They believed Perkins was inside the house.

- Police located his girlfriend, and she told them she had walked into the residence and found Perkins with another woman. They argued outside the residence. Perkins destroyed her Corvette with a pipe. She fled for her safety.

- After a stand-off with police, Perkins eventually decided to come out of the residence.

- Police learned that Perkins had a prior conviction for domestic violence, including Felony Assault in the Second Degree – Domestic Violence; Convicted Felon in Possession of a Handgun; Tampering with a Witness; Tampering with Physical Evidence; and a Violation of Conditions of Release.[11]

---

[8] *United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013) (citing *Franks*, 438 U.S. at 171-72).
[9] *Id.*
[10] Perkins's counsel argued that Perkins's prior conviction for domestic violence did not provide any corroboration for the 911 call. Transcript of Record at 38-40, *United States v. Dewitt*, Case No. 3:19-CR-149 (DN 25). Wrong again. "A person of reasonable caution would take into account predilections revealed by past crimes or convictions as part of the inquiry into probable cause." *United States v. Dyer*, 580 F.3d 386, 392 (6th Cir. 2009) (cleaned up).
[11] Affidavit for Search Warrant, 7-8 (DN 20-1) (screenshot of *Commonwealth v. Perkins*, Case No. 16-CR-1050).

These facts created a "fair probability that contraband or evidence of a crime will be found in a particular place."[12] Any other statements in the affidavit were therefore unnecessary to support probable cause.

Accordingly, Perkins is not entitled to a *Franks* hearing, and his Motion to Suppress (DN 19) is DENIED.[13]

Justin R Walker, District Judge
United States District Court

March 27, 2020

---

[12] *Illinois v. Gates*, 462 U.S. 213, 238 (1983).
[13] JRW & Leah Spears.